IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Alonzo Quavaghon Tucker, </br> Plaintiff, | ) </br> ) </br> ) |
| v. | )     1:22cv1286 (RDA/WEF) </br> ) |
| Tony Nash, </br> Defendant. | ) </br> ) </br> ) |

## MEMORANDUM OPINION

Alonzo Quavaghon Tucker ("Plaintiff" or "Tucker), a Virginia inmate, filed a *pro se* civil action under 42 U.S.C. § 1983, alleging that Defendant violated his Eight Amendment rights on September 1, 2022 by telling Plaintiff to put his arm into his cell's tray slot, slamming the slot shut, and then deploying O.C. spray that contacted Plaintiff's person. [Dkt. No. 1 at 5]. Defendant filed a motion for summary judgment, with an affidavit, a document, and a brief in support. [Dkt. No. 14-16]. Plaintiff was advised of his right to file responsive materials to the motion for summary judgment pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and Local Rule 7(K), but he has not filed a response. Accordingly, this matter is now ripe for disposition. For the reasons that follow, Defendant's motion for summary judgment is granted.

## I. Undisputed Facts

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Defendant set forth a statement of the relevant undisputed material facts in his motion for summary judgment. Plaintiff has not complied with his obligations under the Rules by submitting statements of undisputed and disputed facts, which are deemed admitted. *Gholson v. Murray*, 953 F. Supp. 709, 714 (E.D. Va. 1997) (court assumes uncontroverted facts in movant's motion for summary judgment are admitted); *see also JDS Uniphase Corp. v. Jennings*, 473 F. Supp. 2d 705,

707 (E.D. Va. 2007) (movant's statement of undisputed facts is deemed admitted where nonmovant's response fails to "identify with any specificity which facts, if any, were disputed") (citing E.D. Va. Loc. Civ. R. 56(B)).[1]

1. September 1, 2022, Plaintiff was incarcerated at Hampton Roads Regional Jail ("HRRJ"). [Dkt. No. 1 at 5-6].

2. Plaintiff filed his Complaint against Defendant on November 9, 2022, alleging violations of his Eight Amendment rights, including that Defendant told him to put his arm into the tray slot and that Defendant then slammed the slot shut and deployed O.C. spray that contacted Plaintiff's person. [*Id.* at 1].

3. HRRJ has a grievance procedure that allows inmates to file a grievance for alleged violations of their civil, constitutional, or statutory rights. [Dkt. Nos. 15-1 at ¶ 4; 15-2 at 2-3].

4. Plaintiff did not file a grievance with the HRRJ regarding any alleged incident involving Defendant that occurred on September 1, 2022. [*Id. at* ¶¶ 2-3, 5].

## II. Standard of Review

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that judgment on the pleadings is appropriate, *i.e.*, that no genuine issues of material fact are present for resolution. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The facts that a moving party bears the burden of proving are those which are material: materiality is dictated by "the substantive law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

---

[1] The record of admissible evidence includes Defendant's affidavits and exhibits. [Dkt. Nos. 15-1, 15-2].

Once a moving party has met its burden of proof, the non-moving party must produce specific facts to generate a disputed issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The court will view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Porter v. U.S. Alumoweld Co.*, 125 F.3d 243, 245 (4th Cir. 1997). Nevertheless, "[o]nly disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

The non-moving party may not defeat a properly supported summary judgment motion by simply substituting the "conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). This applies even where the non-moving party is a *pro se* prisoner. *Campbell-El v. Dist. of Columbia*, 874 F. Supp. 403, 406-07 (D.C. 1994); *see also* Local Civil Rule 7(K)(3) (to defeat a dispositive motion, a *pro se* party "must identify all facts stated by the moving party with which the *pro se* party disagrees and must set forth the *pro se* party's version of the facts by offering affidavits ... or by filing sworn statements . . . ."). Unsupported speculation is not enough to withstand a motion for summary judgment. *See Ash v. United Parcel Serv., Inc.*, 800 F.2d 409, 411-12 (4th Cir. 1986). Similarly, "[t]he mere existence of some alleged factual dispute" cannot defeat a motion for summary judgment; the dispute must be both "material" and "genuine," meaning that it "might affect the outcome of the suit under the governing law." *Hooven-Lewis v. Caldera*, 249 F.3d 259, 265 (4th Cir. 2001) (emphasis omitted).

### III. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner

3

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement is mandatory," *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 677 (4th Cir. 2005) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)), and an "untimely or otherwise procedurally defective administrative grievance" does not satisfy the PLRA's exhaustion requirement. *Woodford v. Ngo*, 548 U.S. 81, 83–84 (2006). Exhaustion is required even if the administrative remedies do not meet federal standards, are not "plain, speedy, and effective," and even if the relief sought is not available via the grievance process, such as monetary damages. *Porter*, 534 U.S. at 524. To properly exhaust, thereby giving the agency a full and fair opportunity to adjudicate a plaintiff's claims, the plaintiff must adhere to the agency's deadlines and procedural rules. *Woodford*, 548 U.S. at 89–90.

The PLRA also requires that an inmate exhaust his administrative remedies *before* bringing a suit to challenge prison conditions. *Ross v. Blake*, 578 U.S. 632, 635 (2016) (quoting 42 U.S.C. § 1997e(a)) (holding that the PLRA "mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions"); *see also Graham v. Gentry*, 413 F. App'x 660, 662-663 (4th Cir. 2011) (the PLRA requires an inmate "to exhaust any "available" administrative remedies before pursuing a § 1983 action in federal court). The requirement that a prisoner exhaust before filing "allow[s] a prison to address complaints about the program it administers before being subjected to suit, reduc[es] litigation to the extent complaints are satisfactorily resolved, and improv[es] litigation that does occur by leading to the preparation of a useful record." *Porter*, 534 U.S. at 519; *see also Dimanche v. Brown*, 783 F.3d 1204, 1210 (11th Cir. 2015) ("[t]he PLRA requires 'proper exhaustion' that complies with the 'critical procedural rules' governing the grievance process.") (quoting *Woodford*, 548 U.S. at 95).

4

Once the defendant has made a threshold showing of failure to exhaust, the burden of showing that the administrative remedies were unavailable falls to plaintiff. *See Washington v. Rounds*, 223 F.Supp.3d 452, 459 (D. Md. 2016) (citing *Graham v. Gentry*, 413 F. App'x 660, 663 (4th Cir. 2011)). "A litigant's failure to raise issues during an administrative appeal can constitute a failure to exhaust administrative remedies." *Kikumura v. Osagie*, 461 F.3d 1269, 1282 (10th Cir. 2006) (citation omitted); *see also Turner v. Burnside*, 541 F.3d 1077, 1084 (11th Cir. 2008) ("[T]o be 'available' a remedy must be 'capable of use for the accomplishment of [its] purpose.'"); *see, e.g.*, *Smith v. Vidonish*, 210 F. App'x 152, 157 (3d Cir. 2006) (finding failure to comply with prison grievance procedure to resubmit the grievance does not make grievance procedure unavailable to inmate where inmate was instructed that he could submit an edited grievance). A prisoner cannot exhaust his administrative remedies by "spurning" the established rules:

> unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred. Any other approach would allow a prisoner to "exhaust" state remedies by spurning them, which would defeat the statutory objective of requiring the prisoner to give the prison administration an opportunity to fix the problem--or to reduce the damages and perhaps to shed light on factual disputes that may arise in litigation even if the prison's solution does not fully satisfy the prisoner.

*Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002) (citations omitted).

Here, HRRJ had an established grievance procedure that was applicable to the claim Plaintiff has raised in his complaint. [Dkt. No. 15-2 at 2-3]. In support of the motion for summary judgment, a responsible HRRJ official with personal knowledge of records maintained at HRRJ in the ordinary and regular course of business at HRRJ filed an affidavit averring that he had reviewed the grievance file at HRRJ found "no grievance forms ha[d] been filed by Plaintiff, including any relating to any alleged incident involving Defendant on September 1, 2022." [Dkt. No. 15-1 at ¶ 5. The facts alleged are undisputed. Defendant's motion for summary judgment asserting that Plaintiff had not exhausted his claims about the alleged incident on September 1, 2022 will be

5

granted.

Accordingly, it is hereby ORDERED that, for the reasons stated herein, Defendant's motion for summary judgment [Dkt. No. 14] is GRANTED.

This is a final Order for the purposes of appeal. To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk's office within thirty (30) days of the date of this Order. *See* Fed. R. App. P. 4(a). A written notice of appeal is a short statement indicating a desire to appeal and including the date of the Order Plaintiff wishes to appeal. Failure to file a timely notice of appeal waives the right to appeal this decision.

The Clerk is directed, pursuant to Fed. R. Civ. P. 58, to enter final judgment in favor of Defendant; to send a copy of the Memorandum Opinion and this Order to Plaintiff *pro se* and to counsel of record for defendants; and to close this civil action.

Entered this 17 day of May 2023.

Alexandria, Virginia

/s/
Rossie D. Alston, Jr.
United States District Judge

6